UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

WNI 19-026200
Shapiro & DeNardo, LLC
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856) 793-3080
Elizabeth L. Wassall, Esq. 023211995
ATTORNEYS FOR WELLS FARGO BANK, N.A.

IN RE:

STEPHEN F DECKER AND ANDREA DECKER,
DEBTORS

Order Filed on May 5, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

CASE NO.: 19-24855-VFP

HEARING DATE: MAY 21, 2020

JUDGE: HONORABLE VINCENT F. PAPALIA

## CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby ORDERED.

**DATED: May 5, 2020**

_____
Honorable Vincent F. Papalia
United States Bankruptcy Judge

This matter being opened to the Court by David L. Stevens, attorney for the Debtor upon filing of a Chapter 13 Plan, and Wells Fargo Bank, N.A., hereinafter "Secured Creditor," by and through its Authorized Agent, Shapiro & DeNardo, LLC, upon the filing of an Objection to Confirmation of Plan, and parties having subsequently resolving their differences with regard to the Debtors' Chapter 13 Plan; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and the court considered the parties' application for entry of this Consent Order, and for other good cause shown,

1. Debtors will apply through Secured Creditor's servicing agent for a loan modification to cure pre-petition arrearages on the mortgage loan secured by 168 Laurel Court, Secaucus, NJ 07094.

2. This loan modification review shall be completed by July 31, 2020, or further ordered by the Court.

3. Debtors agree to maintain all contractually post-petition payments to Secured Creditor, currently in the monthly amount of $3,073.57 as of May 1, 2020.

4. If a loan modification is not offered by July 31, 2020, Debtors must within fourteen (14) days of receipt of the denial: 1) modify the Chapter 13 Plan to fully cure Secured Creditor's pre-petition arrearages of $785.30 as filed in Proof of Claim No.7-1; 2) modify the Chapter 13 Plan to surrender the subject property; or 3) Convert to a Chapter 7 case.

5. If the Debtors fail to make any payments detailed in this Consent Order within thirty (30) days of the date the payment is due, or if any of the funds paid fail to clear for insufficient funds or are dishonored for an reason, then the Secured Creditor may send Debtor and Debtor's Counsel a written notice of default of this Consent Order. If the default is not cured within ten (10) days of such notice, Mortgagee may obtain an Order Vacating the Automatic Stay as to the Collateral by submitting a Creditor's Certification of Default to the Bankruptcy Court, specifying the Debtors' failure to comply with the Consent Order, with a copy of any application, supporting certification and proposed Order to be served on the Chapter 13 Standing Trustee, Debtors' Counsel and the Debtors as required by the local bankruptcy rules.

6. Creditor agrees this Order resolves the Objection to Confirmation of Chapter 13 Plan, filed on April 29, 2020; ECF Doc. No.: 45.

7. This Consent Order is hereby incorporated into Debtors' Chapter 13 Plan.

We hereby consent to the form, content,
and entry of the within Order.

Shapiro & DeNardo, LLC

/s/Elizabeth L. Wassall                                       Date: 5-5-2020
_____
Elizabeth L. Wassall, Esquire
Attorney for the Secured Creditor

David L. Stevens                                              Date: 5-4-20
_____
David L. Stevens, Esquire
Attorney for the Debtors